JC

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Edi Adonias Lemus Zuniga,

Petitioner,

v.

Luis Rosa, Jr., et al.,

Respondents.

No. CV-26-04544-PHX-SPL

**ORDER**

Pending before the Court is the pro se Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. 1), in which Edi Adonias Lemus Zuniga ("Petitioner") challenges his immigration detention. Upon review of the briefing (Docs. 1, 7, 8), the Court will dismiss the Petition in part and deny it in part. The Court will also deny as moot Petitioner's Motion for Appointment of Counsel (Doc. 2) and his Motion for Temporary Restraining Order (Doc. 9).

## I. Background

Petitioner is a native and citizen of Guatemala who entered the United States in October 2021. (Doc. 1 at 10.) On September 26, 2025, he was taken into immigration custody. (*Id.* at 5, 10.) On December 1, 2025, an Immigration Judge denied his application for asylum and ordered him removed. (*Id.* at 5, 10; Doc. 9 at 3.) On December 30, 2025, Petitioner appealed to the Board of Immigration Appeals ("BIA"). (Doc. 1 at 6, 11.) The record does not reflect that the BIA has ruled.

On January 22, 2026, an Immigration Judge denied Petitioner's request for bond for lack of jurisdiction. (Doc. 1 at 7.) On January 29, 2026, Petitioner filed a habeas petition in this Court. *Zuniga v. Bondi*, No. CV-26-00580-PHX-KML (JZB). (Doc. 7 at 1.) On February 9, 2026, the Court concluded that Petitioner is detained under 8 U.S.C. § 1226(a) and ordered Respondents to provide him a bond hearing within seven days. (*Id.*)

In February 2026, an Immigration Judge held the court-ordered bond hearing, at which Petitioner was represented by counsel. (Doc. 7-1 at 1.) The Immigration Judge denied bond on a form order, finding that Petitioner "is a flight risk, and no amount of bond will ensure that the Respondent will appear for future hearings or that he will comply with the directives of immigration officials." (*Id.*)

Petitioner subsequently requested a new custody redetermination based on changed circumstances. (Doc. 1 at 7; Doc. 7 at 2.) On June 9, 2026, the Immigration Judge denied the request on the same form, finding "[n]o material change in circumstances" and continuing to find that Petitioner is "an extreme flight risk." (Doc. 7-2 at 1.) Petitioner reserved appeal, and the appeal was due July 9, 2026. (*Id.* at 2.) The record does not reflect that Petitioner appealed either custody determination to the BIA. (*See* Doc. 1 at 3-4.)

On June 29, 2026, Petitioner filed this action. Liberally construed, the Petition challenges the Immigration Judge's custody determinations, including the allocation of the burden of proof. The Petition also challenges the lawfulness of Petitioner's arrest and the conditions of his confinement.[1] (Doc. 1 at 7-8.) He requests that the Court order his immediate release. (*Id.* at 8.) In his Reply and in his Motion for Temporary Restraining Order, Petitioner also asserts that his detention of more than nine months is unconstitutional and that his removal is not significantly likely in the reasonably foreseeable future. (Doc. 8 at 9; Doc. 9 at 2.)

---

[1] The Court addresses the challenge to the custody determinations (Ground One) in Section II(C), the challenge to Petitioner's arrest (Ground Two) in Section II(D)(1), and the conditions-of-confinement claims (Ground Three) in Section II(D)(3). (Doc. 1 at 7-8.) The Court addresses the challenge to the length of Petitioner's detention, raised in the Reply and the Motion for Temporary Restraining Order, in Section II(D)(2).

## II. Discussion

### A. Applicable Detention Statute

The Immigration and Nationality Act ("INA") supplies several statutes authorizing the detention of aliens placed in removal proceedings, including 8 U.S.C. §§ 1225(b), 1226(a), 1226(c), and 1231(a). *Avilez v. Garland*, 69 F.4th 525, 529 (9th Cir. 2023). "Where an alien falls within this statutory scheme can affect whether his detention is mandatory or discretionary, as well as the kind of review process available to him if he wishes to contest the necessity of his detention." *Prieto-Romero v. Clark*, 534 F.3d 1053, 1057 (9th Cir. 2008).

Here, Petitioner is detained pursuant to 8 U.S.C. § 1226(a).[2] Section 1226(a) is the "default rule" for the detention of aliens "already in the country pending the outcome of removal proceedings." *Jennings v. Rodriguez*, 583 U.S. 281, 288-89 (2018). Detention under 8 U.S.C. § 1226(a) is discretionary. The statute authorizes but does not require detention, and it expressly permits release on bond or conditional parole. 8 U.S.C. § 1226(a)(2). Its implementing regulations provide for custody redetermination hearings before an Immigration Judge. 8 C.F.R. §§ 236.1(d), 1236.1(d).

### B. Jurisdiction and Exhaustion

District courts have jurisdiction under 28 U.S.C. § 2241 to consider habeas challenges to immigration detention that are "sufficiently independent of the merits of [a] removal order." *Lopez-Marroquin v. Barr*, 955 F.3d 759, 759 (9th Cir. 2020). Although 8 U.S.C. § 1226(e) limits judicial review of the Attorney General's discretionary judgment regarding the detention and release of an alien, it does not "preclude habeas jurisdiction over constitutional claims or questions of law," and "[c]laims that the discretionary [bond] process itself was constitutionally flawed are cognizable in federal court on habeas because

---

[2] In Petitioner's prior habeas action, the Court ordered that he be provided a bond hearing under § 1226(a), and Respondents conceded in this action that Petitioner "is held under 8 U.S.C. § 1226(a)." (Doc. 7 at 3.)

they fit comfortably within the scope of § 2241." *Hernandez v. Sessions*, 872 F.3d 976, 987 (9th Cir. 2017) (quoting *Singh v. Holder*, 638 F.3d 1196, 1202 (9th Cir. 2011)).

The Court therefore "has jurisdiction to review an IJ's discretionary bond denial where that bond denial is challenged as legally erroneous or unconstitutional." *Kharis v. Sessions*, No. 18-cv-04800, 2018 WL 5809432, at *4 (N.D. Cal. Nov. 6, 2018) (collecting cases); *see also Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1209 (9th Cir. 2022) (explaining that although the IJ's discretionary bond determination was not reviewable in federal court, *see* 8 U.S.C. § 1226(e), the court would have had "jurisdiction under 28 U.S.C. § 2241 to consider any error of law in [the petitioner's] agency proceedings, including any claimed due process violation"); *Benipal v. Rokosky*, No. CV-26-01306-PHX-RM (CDB), 2026 WL 1355010, at *6 (D. Ariz. Apr. 23, 2026) (claims challenging the procedural adequacy of a bond hearing are reviewable), *report and recommendation adopted*, 2026 WL 1352061 (D. Ariz. May 14, 2026).

Jurisdiction, however, is not the end of the inquiry. The regulations provide that an alien may appeal an Immigration Judge's custody determination to the BIA. *See* 8 C.F.R. §§ 236.1(d)(3), 1003.19(f), 1236.1(d)(3). When a petitioner seeks habeas relief before completing that process, "a district court ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies, unless exhaustion is excused." *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011); *see also Rojas-Garcia v. Ashcroft*, 339 F.3d 814, 819 (9th Cir. 2003) (requiring exhaustion of constitutional claims that the BIA can review on appeal).

**C. Petitioner Has Not Exhausted His Challenge to the Custody Determinations**

"The doctrine [of exhaustion] provides 'that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted.'" *McKart v. United States*, 395 U.S. 185, 193 (1969) (quoting *Myers v. Bethlehem Shipbuilding Corp.*, 303 U.S. 41, 50-51 (1938)). In other words, an exhaustion requirement "means using all steps that the agency holds out, and doing so *properly* (so

that the agency addresses the issues on the merits).” *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (emphasis in original) (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)).

“Administrative exhaustion can be either statutorily required or judicially imposed as a matter of prudence.” *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007). Here, Petitioner seeks habeas relief under 28 U.S.C. § 2241, which does not explicitly require administrative exhaustion. However, the “Ninth Circuit requires prudential exhaustion in habeas challenges to decisions by IJs, including bond determinations.” *Aden v. Nielsen*, No. C18-1441RSL, 2019 WL 5802013, at *2 (W.D. Wash. Nov. 7, 2019) (citing *Leonardo*, 646 F.3d at 1160; *Sun v. Ashcroft*, 370 F.3d 932, 935 (9th Cir. 2004); *Ortega-Rangel v. Sessions*, 313 F. Supp. 3d 993, 1003 (N.D. Cal. 2018)). Exhaustion is required “because agency expertise is often needed to generate a proper administrative record, because relaxing exhaustion would only encourage detainees to deliberately bypass available administrative remedies, and because administrative review can often correct the errors alleged—eliminating any need for federal habeas review.” *Fan v. Bondi*, No. 5:25-cv-3619-SK, --- F. Supp. 3d ----, 2026 WL 2276462, at *9 (C.D. Cal. Aug. 6, 2026) (citing *Puga*, 488 F.3d at 815).

Here, Petitioner asserts that the Immigration Judge violated due process by placing on him the burden of proving that he is not a flight risk or a danger, and that the Immigration Judge wrongly found him a flight risk and did not credit the evidence he presented in support of his request for a new custody redetermination. (Doc. 1 at 7; Doc. 8 at 5-8.) The appeal from the February 2026 determination was due March 13, 2026, and the appeal from the June 2026 determination was due July 9, 2026. (Doc. 7-1 at 2; Doc. 7-2 at 2.) Petitioner filed this action on June 29, 2026, ten days before the second deadline, and the record does not reflect that he appealed either determination. Petitioner’s challenge to the custody determinations is therefore unexhausted. *See Leonardo*, 646 F.3d at 1159-60.

A court may waive the prudential exhaustion requirement if “administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a

futile gesture, irreparable injury will result, or the administrative proceedings would be void." *Hernandez*, 872 F.3d at 988 (quoting *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004)). That discretion, however, "is not unfettered," and the exhaustion requirement "is not lightly to be disregarded." *Laing*, 370 F.3d at 998 (quoting *Murillo v. Mathews*, 588 F.2d 759, 762 n.8 (9th Cir. 1978)). "Lower courts are, thus, not free to address the underlying merits without first determining the exhaustion requirement has been satisfied or properly waived." *Id.* Petitioner bears the burden of showing that at least one of the *Laing* factors applies. *See Chavez v. Noem*, 801 F. Supp. 3d 1133, 1139 (S.D. Cal. 2025) ("The party moving the court to waive prudential exhaustion requirements bears the burden of demonstrating that at least one of these *Laing* factors applies."). As explained below, the Court finds that Petitioner has not carried that burden.

Here, Petitioner asserts that appealing to the BIA would have been futile and that exhaustion should therefore be excused. (Doc. 1 at 7.) Recourse to the BIA is futile where "the agency's position on the question at issue appears already set." *Hernandez*, 872 F.3d at 989 (quoting *El Rescate Legal Servs., Inc. v. Exec. Office of Immigration Review*, 959 F.2d 742, 747 (9th Cir. 1991)). Petitioner does not identify any such position, and futility cannot rest on a generalized prediction that the BIA is unlikely to rule in his favor. *See Santos Barrera v. Semaia*, No. EDCV 24-1617 PA (PVC), 2025 WL 2684198, at *4 (C.D. Cal. Mar. 5, 2025) ("Arguing in generalities that the BIA is unlikely to rule favorably for a petitioner is not sufficient to trigger waiver.").

Petitioner also has not shown that the administrative remedy is inadequate. Although "[a]n exception to the exhaustion requirement has been carved for constitutional challenges to the Immigration and Naturalization Act and INS procedures," the "key is to distinguish the procedural errors, constitutional or otherwise, that are correctable by the administrative tribunal from those that lie outside the BIA's ken." *Sola v. Holder*, 720 F.3d 1134, 1135 (9th Cir. 2013) (internal quotation marks and citations omitted). Petitioner does not challenge the constitutionality of 8 U.S.C. § 1226(a) or its implementing regulations. He challenges the Immigration Judge's placement of the burden of proof at his

own custody hearings. (Doc. 1 at 7.) If that was error, it is a procedural error the BIA can review and correct. *See Rojas-Garcia*, 339 F.3d at 819 (a petitioner "must exhaust administrative remedies before raising . . . constitutional claims in a habeas petition when those claims are reviewable by the BIA on appeal"); *Morgan v. Gonzales*, 495 F.3d 1084, 1090 n.2 (9th Cir. 2007) (procedural due process claims "must be raised before the BIA because the agency does have the power to adjudicate procedural due process claims"). The BIA reviews an Immigration Judge's rulings on questions of law, discretion, and judgment de novo, 8 C.F.R. § 1003.1(d)(3)(ii), and it has applied a Government burden of clear and convincing evidence when a federal court required that standard, *see Matter of Dobrotvorskii*, 29 I. & N. Dec. 211, 211 n.2, 212, 215 (BIA 2025). If either custody determination rested on an improper allocation of the burden of proof, the BIA can correct the error. *See* 8 C.F.R. § 1003.19(f).

Nor has Petitioner shown irreparable injury. Petitioner states that he has frequent headaches and that being locked in his unit twenty-three hours a day causes him stress. (Doc. 1 at 12.) Detention that follows a bond hearing, however, is not by itself irreparable harm sufficient to waive the exhaustion requirement. *See, e.g.*, *Aden*, 2019 WL 5802013, at *3; *Reyes v. Wolf*, No. C20-0377JLR, 2021 WL 662659, at *3 (W.D. Wash. Feb. 19, 2021) (continued detention while a BIA appeal of a bond denial is pending does not, without more, establish irreparable injury), *aff'd sub nom. Diaz Reyes v. Mayorkas*, 854 F. App'x 190 (9th Cir. 2021). Petitioner reports no medical condition (Doc. 1 at 12), and he does not explain how his detention is harming him beyond what ordinarily accompanies detention. *See Hilario Pankim v. Barr*, No. 20-cv-02941-JSC, 2020 WL 2542022, at *7 (N.D. Cal. May 19, 2020) (rejecting irreparable harm argument premised on an allegedly unconstitutional bond hearing, but excusing exhaustion in the "unique circumstances" of a petitioner whose continued detention was exacerbating his diagnosed post-traumatic stress disorder).

Finally, Petitioner's prior habeas action does not change the analysis. In *Leonardo*, a detained alien received a court-ordered bond hearing, was denied bond, and sought

review in the district court without first appealing to the BIA. 646 F.3d at 1159. The Ninth Circuit held that "[t]his short cut was improper." *Id.* at 1160. In *Diaz Reyes*, the Ninth Circuit affirmed a decision requiring exhaustion even where the habeas order had required the Government to justify continued detention by clear and convincing evidence, explaining that "[e]xhaustion permits a government agency to address its own potential errors before resort to the crowded dockets of district courts." 854 F. App'x at 190-91. Here, the Court's February 9, 2026 Order in Petitioner's prior habeas case did not specify a burden at all. (Doc. 7 at 1; *Zuniga*, No. CV-26-00580-PHX-KML (JZB), Doc. 5.) Although Petitioner asserts that the bond denial contradicts that Order (Doc. 8 at 7-8), the Immigration Judge's placement of the burden on Petitioner did not depart from it. Whether due process nonetheless required the Government to carry the burden is a new argument for the BIA to decide in the first instance. *See Leonardo*, 646 F.3d at 1161.

In sum, Petitioner has not carried his burden of showing that any *Laing* factor excuses exhaustion. Indeed, excusing exhaustion here would "encourage detainees to deliberately bypass available administrative remedies." *Fan*, 2026 WL 2276462, at *9; *see Laing*, 370 F.3d at 1000 (whether waiver "would encourage the deliberate bypass of the administrative scheme" is "a key consideration" (quoting *Montes v. Thornburgh*, 919 F.2d 531, 537 (9th Cir. 1990))). Petitioner filed this action ten days before the second appeal deadline expired. (Doc. 1; Doc. 7-2 at 2.) Courts have declined to excuse exhaustion in materially similar circumstances. *See, e.g.*, *Boeva v. Lyons*, No. CV-26-01711-PHX-JJT (ASB), Doc. 8 at 10 (D. Ariz. Aug. 31, 2026); *Seera v. Mullin*, No. CV-26-04008-PHX-JJT (DMF), Doc. 6 (D. Ariz. Oct. 9, 2026). Consistent with *Leonardo*, Petitioner's challenge to the custody determinations will be dismissed without prejudice.

**D. Petitioner's Remaining Claims Fail**

Petitioner's remaining claims challenge the lawfulness of his arrest, the length of his detention, and the conditions of his confinement. (Doc. 1 at 7-8; Doc. 8 at 9; Doc. 9 at 2.) Because those claims fall outside the custody determinations that the BIA reviews on

appeal, the exhaustion requirement discussed above does not apply to them. *See* 8 C.F.R. § 1003.19(f); *Sola*, 720 F.3d at 1135. The Court addresses each in turn.

**1. Petitioner's Arrest**

Petitioner alleges that immigration officers arrested him without a warrant and without telling him why he was being arrested. (Doc. 1 at 7.) The Court need not decide whether Petitioner's September 26, 2025 arrest complied with the statutes and regulations that govern immigration arrests. As explained below, even an unlawful arrest would not entitle Petitioner to the relief he seeks.

An unlawful arrest does not entitle an alien to release where his detention is otherwise authorized. The "object [of a writ of habeas corpus] is to ascertain whether the prisoner can lawfully be detained in custody; and if sufficient ground for his detention by the government is shown, he is not to be discharged for defects in the original arrest or commitment." *Nishimura Ekiu v. United States*, 142 U.S. 651, 662 (1892); *see also INS v. Lopez-Mendoza*, 468 U.S. 1032, 1039 (1984) ("The 'body' or identity of a defendant or respondent in a criminal or civil proceeding is never itself suppressible as a fruit of an unlawful arrest, even if it is conceded that an unlawful arrest, search, or interrogation occurred."); *Sormunen v. Nagle*, 59 F.2d 398, 398-99 (9th Cir. 1932) (holding that a detainee's contention that he was taken into custody without a warrant was "immaterial" in a petition for writ of habeas corpus where the detainee was lawfully subject to detention under the relevant immigration statute). Here, Petitioner's present detention rests on an independent basis. In his prior habeas action, the Court concluded that Petitioner is detained under 8 U.S.C. § 1226(a) and ordered a bond hearing, and an Immigration Judge has since twice determined that he should remain in custody. (Doc. 7 at 1; Doc. 7-1 at 1; Doc. 7-2 at 1.) As the lawfulness of his present detention does not turn on the manner of his arrest, his challenge to the arrest fails.

**2. Length of Detention**

Petitioner asserts that his removal is not significantly likely in the reasonably foreseeable future. (Doc. 9 at 2.) That standard comes from *Zadvydas v. Davis*, 533 U.S.

678, 701 (2001), which construed 8 U.S.C. § 1231(a)(6), the statute that governs detention after a removal order becomes final. Petitioner is not detained under that provision. As set out above, his detention is authorized by 8 U.S.C. § 1226(a), and his removal order is not final because his appeal remains pending before the BIA. (Doc. 1 at 6, 11.) Although Petitioner states that his removal order became final on December 30, 2025 (Doc. 1 at 10), that is the date he appealed to the BIA (*id.* at 11). A removal order does not become final while an appeal to the BIA is pending. *See* 8 U.S.C. § 1101(a)(47)(B). *Zadvydas* therefore does not directly govern.

Detention under 8 U.S.C. § 1226(a) is not indefinite. It ends when the removal proceedings conclude. *Prieto-Romero*, 534 F.3d at 1063. Unlike the aliens in *Zadvydas*, Petitioner is not stuck in a "removable-but-unremovable limbo," *id.*, and he does not contend that the country of removal will refuse to accept him. Although Petitioner's "detention lacks a certain end date, . . . this uncertainty alone does not render his detention *indefinite* in the sense the Supreme Court found constitutionally problematic in *Zadvydas*." *Id.* (emphasis in original).

The Ninth Circuit has also sustained detention under 8 U.S.C. § 1226(a) for periods comparable to and longer than the detention at issue here. *See Rodriguez Diaz*, 53 F.4th at 1207-10 (remanding for dismissal of a § 1226(a) detainee's habeas petition where he had been detained for approximately fourteen months after his initial bond hearing); *Prieto-Romero*, 534 F.3d at 1063 (more than three years). Petitioner's challenge to the length of his detention fails.[3]

**3. Conditions of Confinement**

Petitioner alleges that he is held in a two-person cell under twenty-three-hour lockdowns with one hour of recreation, and that the medical and mental health providers

---

[3] In his Motion for Temporary Restraining Order, Petitioner also asserts that he has not received notice or an opportunity to seek relief from removal to a country other than Honduras. (Doc. 9 at 2.) Petitioner did not raise this claim in the Petition. Moreover, Petitioner's removal order is not final because his appeal remains pending before the BIA (Doc. 1 at 6, 11), and nothing in the record indicates that Respondents intend to remove him to a country other than Honduras.

and supplies at the facility are inadequate. He contends that those conditions are punitive. (Doc. 1 at 8.) "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). The Ninth Circuit has "long held that prisoners may not challenge mere conditions of confinement in habeas corpus." *Nettles v. Grounds*, 830 F.3d 922, 933 (9th Cir. 2016) (en banc) (citing *Crawford v. Bell*, 599 F.2d 890, 891-92 (9th Cir. 1979)). The appropriate remedy for unconstitutional conditions of confinement, "if proven, would be a judicially mandated change in conditions and/or an award of damages, but not release from confinement." *Crawford*, 599 F.2d at 891-92; *see Ibarra-Perez v. Howard*, 468 F. Supp. 3d 1156, 1170 (D. Ariz. 2020) (conditions-of-confinement claims brought by immigration detainees are not cognizable under 28 U.S.C. § 2241). Petitioner's claims regarding lockdowns, cell conditions, and medical and mental health care challenge the conditions of his confinement, not its legality or duration. Those claims are not cognizable in this habeas proceeding and will therefore be dismissed without prejudice to Petitioner raising them in a properly filed civil action.

Therefore,

**IT IS ORDERED** that the Petition for Writ of Habeas Corpus (Doc. 1) is **dismissed in part** and **denied in part**, as set forth below.

**IT IS FURTHER ORDERED** that Petitioner's challenge to the Immigration Judge's custody determinations is **dismissed without prejudice** for failure to exhaust administrative remedies.

**IT IS FURTHER ORDERED** that Petitioner's conditions-of-confinement claims are **dismissed without prejudice** as not cognizable in this habeas proceeding.

**IT IS FURTHER ORDERED** that the Petition is otherwise **denied**.

**IT IS FURTHER ORDERED** that Petitioner's Motion for Appointment of Counsel (Doc. 2) is **denied as moot**.

**IT IS FURTHER ORDERED** that Petitioner's Motion for Temporary Restraining Order (Doc. 9) is **denied as moot**.

**IT IS FURTHER ORDERED** that the Clerk of Court must enter judgment accordingly and close this case.

Dated this 19th day of November, 2026.

Honorable Steven P. Logan
United States District Judge